*1036
 
 MOORE, Judge.
 

 Lerone 'Ramson appeals from a summary judgment entered by the Montgomery Circuit Court (“the trial court”) in favor of Dwonna Brittin. We affirm.
 

 The record, when viewed in a light most favorable to Ramson, the nonmovant,
 
 see Johnson v. Jester,
 
 941 So.2d 307, 312 (Ala.Civ.App.2006), shows that Ramson occasionally would perform yard work for Brit-tin at her home to earn extra money. On August 15, 2009, Ramson went to Brittin’s home to cut tree limbs. He took with him an extension ladder that reached as high as 14 feet, a smaller 6-foot ladder, and cutting tools referred to as “loppers” and “a little hand saw.” Ramson did not take with him a tie-off rope or harness to prevent him from falling.
 

 After witnessing Ramson climb the extension ladder to cut the first tree limb, Brittin expressed concern at the height of the job. Ramson thus asked Brittin to hold the ladder, which she did. After successfully cutting the first limb, Ramson climbed down, moved the ladder, and climbed back up to cut a second limb, with Brittin continuing to hold the ladder. Ramson repeated this maneuver a third time. Ramson, however, did not assure that Brittin was holding the ladder on the third occasion before he started cutting the third limb. As it turns out, Brittin had walked off to gather the previously cut limbs, leaving the ladder without additional support. While Ramson was reaching out to cut the third limb, “figuring] that [Brit-tin] should have been holding the ladder,” the extension ladder fell from beneath him. Ramson grabbed the branch he was cutting and yelled for Brittin. When Brittin returned, because Ramson did not believe Brittin could lift the extension ladder, Ramson instructed Brittin to gather the six-foot ladder he had brought with him and to place it underneath him in order to break his fall. After Brittin went and retrieved the smaller ladder and placed it underneath Ramson, Ramson released his grip, which caused him to fall. Ramson broke both of his wrists when he fell.
 

 On October 14, 2009, Ramson filed a complaint against Brittin, alleging that Brittin had negligently or wantonly failed to secure the ladder. Brittin filed her answer on November 13, 2009, denying the material allegations of the complaint and asserting various affirmative defenses, including contributory negligence. After deposing Ramson, Brittin filed a motion for a summary judgment on April 5, 2010,
 
 [1]
 
 arguing that Ramson was a business invitee who had not been injured by a defect in the premises, that she had no duty to hold the ladder, that there was no evidence indicating that the accident would have been avoided had Brittin held the ladder, and that Ramson had been contributorily negligent as a matter of law by not using safe means and methods of performing the work for which he had contracted. Ram-son filed a brief in response to the summary-judgment motion, attaching excerpts
 
 *1037
 
 from Brittin’s deposition and arguing that he had not asserted a premises-liability claim, that Brittin had voluntarily undertaken a duty to secure the ladder, that Brittin had breached her duty by walking off when Ramson climbed the ladder the third time, and that Brittin had not proven contributory negligence as a matter of law. After conducting a hearing on . the summary-judgment motion, the trial court entered an order on May 7, 2010, granting the motion without stating its reasons for doing so. Ramson then timely appealed to this court.
 

 “A party is entitled to a summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56(c), Ala. R. Civ. P. ‘Our standard of review in cases involving summary judgments is de novo.’
 
 Lee v. Burdette,
 
 715 So.2d 804, 806 (Ala.Civ.App.1998). ‘In reviewing the disposition of a motion for [a] summary judgment, we utilize the same standard as that of the trial court in determining whether the evidence before the court made out a genuine issue of material fact’ and whether the movant ‘is entitled to a judgment as a matter of law.’
 
 Bussey v. John Deere Co.,
 
 531 So.2d 860, 862 (Ala.1988); Rule 56(c)(3), Ala. R. Civ. P. ‘[I]f the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden ... shifts to the non-movant; ... the non-movant must show “substantial evidence” in support of his position.’
 
 Bass v. SouthTrust Bank,
 
 538 So.2d 794, 798 (Ala.1989). Evidence is ‘substantial’ if it is ‘of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’
 
 West v. Founders Life Assurance Co.,
 
 547 So.2d 870, 871 (Ala.1989). Our review is further subject to the caveat that this court must review the record in a light that is most favorable to the nonmovant and must resolve all reasonable doubts against the movant.
 
 Hanners v. Balfour Guthrie, Inc.,
 
 564 So.2d 412, 413 (Ala.1990).”
 

 Prince v. Wal-Mart Stores, Inc.,
 
 804 So.2d 1102, 1103-04 (Ala.Civ.App.2001).
 

 On appeal, Ramson argues that the trial court erred in entering a summary judgment on his negligence claim for the same reasons he asserted in the trial court.
 
 [2]
 
 We do not address those arguments, however, because we conclude that, even if they are meritorious, Ramson has waived any argument that the trial court erred in entering a summary judgment on the issue of proximate causation.
 

 Assuming that Ramson’s claim is governed by negligence principles,
 
 see Orr v. Turney,
 
 535 So.2d 150 (Ala.1988), that Brittin voluntarily assumed a duty to hold the ladder,
 
 see Cox v. Dick,
 
 31 N.C.App. 565, 568, 229 S.E.2d 843, 845 (1976) (“When defendant agreed to hold the ladder for plaintiff he assumed and therefore owed plaintiff a legal duty.”), and that Brittin breached that duty by walking away from the ladder while Ramson cut the third limb,
 
 see Wuellner v. Crescent Planing Mill Co.,
 
 303 Mo. 38, 259 S.W. 764 (1923) (foreman breached duty of care by releasing hold on ladder thereby causing it to fall), those facts alone do not constitute negligence. In addition, Ramson would have to prove proximate causation and damages.
 
 Jones Food Co. v. Shipman,
 
 981 So.2d 355, 361 (Ala.2006). In her summary-judgment motion, Brittin did not
 
 *1038
 
 contest damages, but she did argue that Ramson could not produce substantial evidence of proximate causation, i.e., “an act or omission that in a natural and continuous sequence, unbroken by any new independent causes, produces the injury and without which the injury would not have occurred.
 
 Thetford v. City of Clanton,
 
 605 So.2d 835, 840 (Ala.1992).”
 
 Martin v. Arnold, 643
 
 So.2d 564, 567 (Ala.1994). Specifically, Brittin asserted in her summary-judgment motion that, even if she had continued to hold the ladder, due to her insufficient strength, in all probability she would not have been able to prevent the ladder from falling and that Ramson was only speculating that Brittin had negligently caused the accident by walking away from the ladder.
 
 See Ex parte General Motors Corp.,
 
 769 So.2d 903, 909 (Ala.1999) (holding that summary-judgment movant may satisfy his or her burden of production under Rule 56, Ala. R. Civ. P., “ ‘by demonstrating to the trial court that the nonmovant’s evidence is insufficient to establish an essential element of the non-movant’s claim’ ” (quoting
 
 Berner v. Caldwell,
 
 543 So.2d 686, 688 (Ala.1989) (Houston, J., concurring specially))).
 

 After carefully reviewing the record, we conclude that Ramson did not respond to Brittin’s proximate-cause argument. His brief filed with the trial court does not even mention the argument, much less attempt to explain why it should not prevail. Although a lack of response will not automatically result in the entry of a summary judgment, a party will risk having a summary judgment entered against him or her if granting the summary-judgment motion is appropriate on the merits.
 
 Ex parte Oden,
 
 617 So.2d 1020 (Ala.1992). As noted, the trial court did not state its basis for entering the summary judgment. In such cases, we must presume that the trial court relied on every ground asserted in the summary-judgment motion.
 
 See Soutullo v. Mobile County,
 
 58 So.3d 733 (Ala.2010). Hence, in this case, we presume the trial court found the proximate-cause argument made by Brittin to be meritorious.
 

 We note that, “[tjypically, the question of proximate causation is a question of fact to be resolved by the jury; that question must be decided by the jury if reasonable inferences from the evidence support the plaintiffs claim.”
 
 Miller v. Cleckler,
 
 51 So.3d 379, 383 (Ala.Civ.App.2010). The fact that Brittin had twice held the ladder without incident while Ramson had performed the same cutting maneuver could imply that she would have been able to safely hold the ladder a third time so as to avoid the accident, making proximate causation a question for the jury. However, Ramson has not made that argument, or any other argument regarding the proximate-cause issue, on appeal.
 
 [3]
 
 It is not the function of an appellate court to advocate a position on behalf of an appellant.
 
 Schiesz v. Schiesz,
 
 941 So.2d 279, 289 (Ala.Civ.App.2006). Thus, we have no choice but to affirm the trial court’s judgment insofar as it determined that Brittin was entitled to a summary judgment as to the proximate-cause issue.
 
 Soutullo,
 
 58 So.3d at 739 (“This waiver, namely, the failure of the appellant to discuss in the opening brief an issue on which the trial court might have relied as a basis for its judgment, results in an affirmance of that judgment.”).
 

 Because we affirm the summary judgment on that ground, we need not discuss
 
 *1039
 
 Ramson’s argument that the trial court erred in any other respect in entering the summary judgment, including on the ground of his alleged contributory negligence.
 

 AFFIRMED.
 

 PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 THOMPSON, P.J., concurs in the result, without writing.
 

 [1]
 

 . Brittin cited only the deposition testimony of Ramson in her narrative summary of undisputed material facts; however, through oversight, Brittin did not attach the excerpts of the deposition. On appeal, Ramson argues that Brittin did not satisfy her burden of production under Rule 56, Ala. R. Civ. P., because she omitted the deposition excerpts. However, Ramson did not raise that argument in the trial court. "This Court cannot consider arguments advanced for the purpose of reversing the judgment of a trial court when those arguments were never presented to the trial court for consideration or were raised for the first time on appeal.”
 
 State Farm Mut. Auto. Ins. Co. v. Motley,
 
 909 So.2d 806, 821 (Ala.2005). Moreover, we note that, both at the trial-court level and on appeal, Ramson does not contest the salient facts asserted in the summary-judgment motion filed by Brittin; rather, he actually agrees with them.
 

 [2]
 

 . Ramson does not argue any error in regard to the entry of a summary judgment on the wantonness claim; therefore, we consider that argument waived under Rule 28(a)(10), Ala. R.App. P., and we affirm the summary judgment as to the wantonness claim.
 

 [3]
 

 . At several points in his appellate brief, Ram-son asserts that Brittin let go of the ladder, causing it, and him, to fall. However, Ram-son nowhere attacks the validity or sufficiency, factually or legally, of Brittin’s argument that had she maintained her grip on the ladder, she still could not have prevented the ladder, or Ramson, from falling.