This a contract case.
Leatherwood (supplier) filed a complaint against Creighton (homeowner) alleging that the homeowner had breached a contract with the supplier by failing to pay for carpet, vinyl, and other materials installed by the supplier into the homeowner's new house. The supplier further asserted an amount due on open account and an amount due for work and labor done.
The case was heard by the trial court, which found for the homeowner.
Specifically, the trial court ordered that "[u]pon consideration of all the evidence, ore tenus, the court is not reasonably satisfied that the [supplier] is entitled to recover."
The supplier appeals.
Where evidence is presented ore tenus, the trial court's judgment is presumed correct, and will not be disturbed on appeal without a showing of plain and palpable error.Pilalas v. Baldwin County Savings Loan, 549 So.2d 92
(Ala. 1989). This rule is based on a recognition of the trial court's unique ability to evaluate both the demeanor and the credibility of the witnesses. Justice v. Arab Lumber Supply,Inc., 533 So.2d 538 (Ala. 1988). Further, where the trial court does not make specific factual findings, this court will assume that the trial court made findings that would support its judgment. Justice.
We have examined the record in this case and find that the trial court's determination that the supplier is not entitled to recover is supported by the evidence.
The testimony given by the homeowner was that he was building a new house and that he had an "allowance" for flooring with his contractor that was figured into the contract price of his home. Further, he simply chose from the supplier the flooring he wanted installed in his home, and that the written document signed by the homeowner was only for the purpose of choosing a flooring type. The homeowner asserted that this was never intended as a contract to pay for those materials. Instead, his testimony was that the supplier *Page 1138 
understood that the homeowner was only selecting the materials to be used in his home and that it was clear to the supplier that the bill for the various materials was to be paid by the contractor. In fact, the alleged contract indicated that the bill was to go to the contractor.
This testimony comports with that given by the contractor, who testified that he received several bills for the materials from the supplier. The record also indicates that the contractor has since filed for bankruptcy, that the contractor listed the debt to the supplier on his list of debts in bankruptcy, and that it was after the contractor's bankruptcy that the supplier attempted to collect from the homeowner.
Thus, a finding by the trial court that the supplier was not entitled to recover on the document signed by the homeowner is supported by the evidence.
Likewise, we find that the supplier is not entitled to recovery from the homeowner on a claim for work and labor done. The evidence is undisputed that the supplier provided flooring and labor in an amount of $4,750. The homeowner does not deny that the flooring was installed in his home. However, the homeowner has already paid the contractor for his house, and said payment included the cost of the flooring. Consequently, he asserts he should not now have to pay the supplier for the flooring, too.
The supplier maintains that the case of Federal Land Bank ofNew Orleans v. Jones, 456 So.2d 1 (Ala. 1984), is controlling. The supplier cites that case for the proposition that when a homeowner receives a benefit from his supplier, as here, and then the supplier is not paid for his work, justice demands that the homeowner pay for the supplier's loss.
The Jones case, however, is distinguishable from this case in that here the homeowner has already paid the contractor. Thus, the trial court in this case could have determined that the supplier's remedy lies with the contractor, not the homeowner. In short, the homeowner has not been unjustly enriched due to the fact that he has already paid the contractor for the work and labor done by the supplier.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.