This appeal involves a subcontractor's suit against a homeowner.
The record reveals that in June 1990, Wayne and Linda Butler contracted with William Mansel, a general contractor, to build a house for $178,190. In October 1990, Mansel hired G.S. Gothard and Son Contractors, Inc. (Gothard), to install a sewer system for the Butlers' house for $5,100. Gothard installed the system and billed Mansel for $5,100. Apparently, Mansel defaulted on the Butler contract shortly after Gothard installed the system, leaving the house unfinished and several subcontractors and materialmen, including Gothard, unpaid.
Gothard filed a complaint against Wayne Butler and Mansel and unnamed others in December 1990, seeking to establish a mechanics' lien against Butler's house pursuant to Ala. Code 1975, § 35-11-210, and for breach of contract, open account, account stated, and money owed. Gothard was subsequently joined in this action by numerous other creditors who are not involved in this appeal. Gothard amended his complaint in January 1991, to add a count based on work and labor done. In May 1991, the trial court granted Gothard a summary judgment on the lien count, but denied summary judgment on the contract count. Gothard later withdrew its mechanic's lien.
After the evidence was presented ore tenus in March 1992, the trial court denied Gothard's claims against Butler, and specifically found that Butler had expended $189,093.03 in completing the house, and that there was no unpaid balance due to Mansel. Gothard appeals.
Gothard contends on appeal that it had an implied contract with Butler, apart from its express contract with Mansel, which implied contract obligated Butler to pay for the system; and that its common-law count of work and labor done is a valid remedy for unjust enrichment.
We note first that on review of an ore tenus proceeding, the trial court's finding is presumed to be correct and will be upheld on appeal, unless it is shown to be contrary to the great weight of the evidence. State v. Smith, 578 So.2d 1374
(Ala.Civ.App. 1991).
The purpose of the mechanic's and materialman's lien statute, Ala. Code 1975, § 35-11-210, is to protect one who supplies labor or materials for any building or improvement on land, when he does so at the request of a contractor or subcontractor rather than the landowner. Abell-Howe Co. v. IndustrialDevelopment Board of the City of Irondale, 392 So.2d 221
(Ala.Civ.App. 1980). Ala. Code 1975, § 35-11-210, provides for two types of liens: "(1) a lien for the full price of the materials furnished and (2) a lien for the amount of the unpaid balance due the contractor from the owner." Abell-Howe at 224.
The full-price lien can arise from an express or implied contract. Abell-Howe, supra. Clearly, there was no express contract between Gothard and Butler. For an implied contract to arise, the supplier must provide written notice to the landowner prior to delivery of the materials, stating that specified materials will be furnished at a specified price; unless the landowner objects, the implied contract arises automatically. Ala. Code 1975, § 35-11-210. *Page 1103 
Record evidence is clear that Gothard failed to give prior notice to the Butlers. Therefore, Gothard cannot claim an implied contract existed. Abell-Howe, supra. Gothard, however, contends that a quasi-contract existed between him and Butler. The remedy of quasi-contract is based upon the established principle of avoiding unjust enrichment. Opelika ProductionCredit Association, Inc. v. Lamb, 361 So.2d 95 (Ala. 1978). For this remedy to apply, there must be a detriment and a resulting benefit, and the two must be related. Opelika, supra.
Although it appears from the record that Gothard suffered a detriment, in the form of installing a sewer system, the trial court specifically found that Butler paid more than he had contracted to pay for the house. Therefore, Butler was not unjustly enriched.
We find Leatherwood v. Creighton, 571 So.2d 1136
(Ala.Civ.App. 1990), factually similar to the instant case. InLeatherwood, a subcontractor brought suit against a homeowner for breach of contract and work and labor done when the general contractor filed for bankruptcy. This court found the homeowner had already paid the general contractor for the materials in question, and affirmed the trial court's dismissal of the case. "In short, the homeowner has not been unjustly enriched due to the fact that he has already paid the contractor for the work and labor done by the supplier." Leatherwood at 1138.
Further, we note a thorough discussion of the issues presented in this case in J.R. Kemper, Annotation, Building andConstruction Contracts: Right of Subcontractor Who Has DealtOnly With Primary Contractor To Recover Against Property OwnerIn Quasi Contract, 62 A.L.R.3d 288 (1975), which states,
 "As a broad general rule of law, it has been widely held or recognized that, apart from unjust enrichment or from any special statutory rights or remedies, a subcontractor who has furnished labor or materials for the construction or repair of some form of improvement on the lands of another has no right to a personal judgment against the landowner where there is no contractual relationship between them."
62 A.L.R.3d at 293.
Gothard's remaining contention is that the common-law remedy of work and labor done is relevant and applicable to the facts of this case. We disagree. In order to recover for work and labor done, a contract must exist, either express or implied.Stewart v. Robertson, 490 So.2d 13 (Ala.Civ.App. 1986). As previously discussed, there was no express or implied contract between Gothard and Butler. Additionally, we addressed the same issue in Leatherwood, and held that no recovery could be had for work and labor done when the homeowner had already paid the general contractor for the subcontractor's work.
Accordingly, the trial court's judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.