During the rainy afternoon of April 26, 1991, Vickie Ann Martin was driving her automobile in a southbound lane of U.S. Highway 431, in Boaz, Alabama. That portion of U.S. Highway 431 is a four-lane highway, with two sets of lanes separated by a median. Mrs. Martin's car was struck from behind by a pickup truck driven by Dwight Rowell. The impact of the collision sent Mrs. Martin's car through a turn lane in the median and into the northbound lanes of the highway. When the collision between Rowell's truck and Mrs. Martin's car occurred, Ira Sherman Arnold was driving a van with a large boat in tow in the northbound lane. Mrs. Martin's car spun across the highway, coming directly in front of Arnold, and Arnold's van collided with Mrs. Martin's car. The impact hurled Mrs. Martin's car into a ditch. Mrs. Martin was killed, and her two children riding with her were injured.
Dennis Martin, husband of Mrs. Martin and administrator of her estate, filed a wrongful death claim against Rowell and Arnold and filed a negligent or wanton entrustment claim against the owner of the vehicle Arnold was driving, John Lyles. As next friend of the minor children, Martin also stated claims of negligence and wantonness against Rowell and Arnold, seeking damages for the children's injuries. The trial court, without mentioning Rowell and Lyles, granted Arnold's motion for a summary judgment, and it certified the judgment as final, pursuant to Rule 54(b), A.R.Civ.P. Martin appeals from this judgment in favor of Arnold.
The dispositive issue on appeal is whether Martin produced substantial evidence to defeat *Page 566 
Arnold's properly supported motion for summary judgment.
A motion for a summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Southern Guar. Ins. Co. v. First AlabamaBank, 540 So.2d 732, 734 (Ala. 1989).
Rule 56 must be considered with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
Arnold supported his motion for summary judgment with various items of evidence, including his own affidavit and portions of a deposition from an eyewitness to the accident. In Arnold's affidavit, he stated:
 "On April 26, 1991, I was headed north on Highway 431 driving a van owned by my uncle, John Lyles. I was pulling a pontoon boat and had just returned from a welding shop where I had attempted to have the boat repaired. It was raining very hard, and I had my windshield wipers on high, as well as my lights on. I was traveling approximately 45 miles per hour. All of the sudden [sic], without warning, a car shot in front of me traveling backwards. The car was approximately 20 to 25 feet in front of me at the first instance I saw it. I immediately slammed on my brakes, but had no chance to stop. I estimate that approximately less than a second transpired between the time I first saw Mrs. Martin's car and the time of impact. . . . [T]he front wheels of the van were lodged on the car. The van I was driving and Mrs. Martin's car rested in a ditch on the right side of the road. There was nothing I could have done to avoid the impact with Mrs. Martin's car or the consequences thereof."
The eyewitness stated the following in his deposition:
 "Q. Did you hear the initial impact before the Honda [Mrs. Martin's car] went into the spin?
 "A: Yes. That is what actually grabbed my attention.
 "Q. What was the first thing you saw when you turned your attention to the sound?
 "A: The first thing was the Honda sliding sideways, you know, and going through the median.
". . . .
 "Q. How close was the van to the Honda when it went out into the path of the van?
 "A: It was almost instantaneous between the van hitting the Honda. There was no room, you know, for the driver of the van to do anything. He — the worst thing he could have done is probably tried to change lanes because, if I'm not mistaken, there was a car beside him when that happened. . . . [The van was going] around 40, 45 [miles per hour], somewhere around there. I mean, I really — you know, it is hard to judge speed because he was — he had already, you know, put on his brakes."
The record indicates that the accident occurred in a 55-mile-per-hour speed zone.
Arnold argued in his summary judgment motion that he did nothing to proximately cause or contribute to the accident, because he said Mrs. Martin's car came into the northbound lane without warning after being hit by Rowell's truck. Arnold made a prima facie showing that he had not acted negligently or wantonly. Therefore, the burden then shifted to Martin to present substantial evidence creating a genuine issue of material fact as to whether Arnold had negligently or wantonly caused the accident. West, supra.
Martin, in opposition to the summary judgment motion, cited various portions of Arnold's deposition, including that part in which Arnold stated that he did not see Mrs. Martin's car until it came into his lane and was approximately 20 to 25 feet in front of his *Page 567 
van. He further cited Arnold's statement that he was looking straight ahead before he saw Mrs. Martin's car but did not see the impact between the Rowell and Martin vehicles, and his statement that there was no traffic beside or in front of him when Mrs. Martin's car collided with his van. Martin also showed that Arnold had previously been issued several traffic citations.
To establish negligence, the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury. Albert v. Hsu,602 So.2d 895, 897 (Ala. 1992). To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty. To be actionable, that act or omission must proximately cause the injury of which the plaintiff complains. Smith v. Davis,599 So.2d 586 (Ala. 1992).
Proximate cause is an essential element of both negligence claims and wantonness claims. See Albert, supra; Smith, supra. Proximate cause is an act or omission that in a natural and continuous sequence, unbroken by any new independent causes, produces the injury and without which the injury would not have occurred. Thetford v. City of Clanton, 605 So.2d 835, 840
(Ala. 1992). An injury may proximately result from concurring causes; however, it is still necessary that the plaintiff prove that the defendant's negligence caused the injury. Buchanan v.Merger Enterprises, Inc., 463 So.2d 121 (Ala. 1984); Lawson v.General Telephone Co. of Alabama, 289 Ala. 283, 290,267 So.2d 132, 138 (1972).
The evidence indicates that Arnold was driving 10 miles below the speed limit when the accident occurred. It further indicates that Arnold was driving with his lights on and with his windshield wipers on full speed when the accident occurred. Arnold's evidence indicated that he was acting reasonably and prudently, that he did not see Mrs. Martin's car until it was 20 to 25 feet from his van, and that he, therefore, could not avoid the collision. While a motorist is negligent if he fails to discover a vehicle that he reasonably could have discovered in time to avoid injury, see Hood v. Murray, 547 So.2d 75
(Ala. 1989), Martin did not rebut Arnold's evidence with substantial evidence indicating that Arnold could have discovered Mrs. Martin's car soon enough to avoid the collision. Martin did not produce substantial evidence to rebut Arnold's prima facie showing that he did not negligently or wantonly breach his duty to drive with reasonable care and prudence.
We are satisfied that Martin did not produce substantial evidence to demonstrate that Arnold proximately caused the injuries leading to Mrs. Martin's death. As stated above, concurrent acts may constitute the proximate cause of injuries. However, Martin must still show that Mrs. Martin's fatal injuries resulted, at least in part, from a negligent or wanton act committed by Arnold. See Buchanan, supra; Lawson, supra. Martin failed to do so. There was not sufficient evidence to refute Arnold's evidence indicating that he was unable to avoid Mrs. Martin's car, after the car had been knocked into his path by Rowell's collision with Mrs. Martin.
When a party opposing a properly supported motion for summary judgment offers no substantial evidence to contradict that presented by the movant, the trial court must consider the movant's evidence uncontroverted, with no genuine issue of material fact existing. Shows v. Donnell Trucking Co.,631 So.2d 1010 (Ala. 1994). Therefore, the trial court properly entered the summary judgment in favor of Arnold. Rule 56(c). That judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur. *Page 568