WRIGHT, Retired Appellate Judge.
Elisha J. O’Hara III appeals a judgment as a matter of law entered in favor of James D. Kimbrell, Jr., and M&M Builders, Inc.
On April 14, 1994, O’Hara sued Kimbrell and M&M Builders, asserting claims of negligence and wantonness arising out of a December 3, 1993, motor vehicle accident. O’Hara alleged that Kimbrell, while acting in the line and scope of his employment, was driving an M & M Builders truck, which he caused, or allowed, to collide with O’Hara’s automobile. Thereafter, O’Hara filed a motion for a default judgment against Kimbrell and M&M Builders. Shortly thereafter, M & M Builders answered.
At trial, O’Hara renewed his motion for a default judgment against Kimbrell. The attorney for M&M Builders offered to defend *30 Kimbrell, who was not present. The trial court accepted the offer and denied the motion for a default judgment. At the close of the evidence, M & M Builders and Kimbrell moved for a judgment as a matter of law, which the trial court denied. After closing arguments, M & M Builders and Kimbrell renewed their motion for a judgment as a matter of law, which the trial court granted.
O’Hara appeals, contending that the trial court erred in denying his motion for a default judgment against Kimbrell and in entering a judgment as a matter of law in favor of Kimbrell and M & M Builders. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
“It is well established that if the defendant is properly within the jurisdiction of the court, and if he has notice of the trial date and does not appear and defend, the court has no choice but to enter judgment for the plaintiff.” Roberts v. Wettlin, 431 So.2d 524, 526 (Ala.1983). See also Creel v. Gator Leasing, Inc., 544 So.2d 936 (Ala.1989). Kimbrell was properly served with the summons and complaint, and the attorney for M & M Builders represented Kimbrell’s interests at trial. Accordingly, we conclude that Kimbrell appeared at trial through counsel and that the trial court did not err in denying O’Hara’s default judgment motion.
O’Hara also contends that the trial court erred in directing a verdict in favor of M & M Builders.
A motion for a judgment as a matter of law (formerly a directed verdict) tests the sufficiency of the evidence. Flagstar Enter., Inc. v. Bludsworth, 696 So.2d 292 (Ala.Civ.App.1996). A judgment as a matter of law is proper where (1) the non-moving party has failed to present substantial evidence of some element essential to his claim or (2) there is no disputed issue of fact upon which reasonable persons could differ. Rule 50(a), Ala. R. Civ. P.; Driver v. Nat’l Security Fire & Cas. Co., 658 So.2d 390 (Ala.1995); John R. Cowley & Bros., Inc. v. Brown, 569 So.2d 375 (Ala.1990).
When it considers a motion for a judgment as a matter of law, the trial court must let a question go to the jury if there is substantial evidence to support the theory of the complaint. Flagstar Enter., Inc., supra. Additionally, in reviewing the ruling on a motion for a judgment as a matter of law, this court must view all the evidence in a light most favorable to the nonmovant and must entertain such reasonable evidentiary inferences as the jury would have been free to draw. Wadsworth v. Yancey Bros., Co., 423 So.2d 1343 (Ala.1982).
To establish negligence, a plaintiff must prove that the defendant owed the plaintiff a duty, that the defendant breached that duty, and that the breach proximately caused the plaintiff to be injured or damaged. Martin v. Arnold, 643 So.2d 564 (Ala.1994). “To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty ... that ... proximately eausefd] the injury of which the plaintiff complains.” Martin, 643 So.2d at 567.
The facts in this case are highly disputed. The record reveals the following pertinent facts: O’Hara testified that on December 3, 1993, he stopped his automobile at a red light at the intersection of 18th Street and 9th Avenue in Bessemer. O’Hara was traveling on 9th Avenue, and traffic on 18th Street, which is a one-way street, traveled in front of O’Hara from his right to his left. O’Hara stated that when the light turned green, he checked traffic to both the left and the right and saw two cars and a large truck approaching the intersection. O’Hara eased his automobile forward, saw the large truck “right on him,” and was struck by the large truck. The collision caused O’Hara’s automobile to spin around in the same direction as the truck was headed and damaged his automobile in such a manner that he could not exit out of the driver’s door. O’Hara stated that the driver of the truck came over and asked if he was okay. He said that he recognized the driver because he had a clear view of him when the truck was in front of his automobile. O’Hara also stated that he and the truck driver exchanged driver’s licenses and that the truck driver’s name was James Kimbrell. When a police officer ar *31 rived on the scene, O’Hara and Kimbrell each explained how the accident happened. O’Hara testified that Kimbrell told the officer that he ran through the light, which was yellow, and hit O’Hara’s ear.
O’Hara stated that his car had to be towed from the scene and that later that day, he went to a hospital emergency room complaining of severe neck pains and a headache. The emergency room doctor diagnosed O’Hara with a neck sprain; gave him Tylenol # 3, muscle relaxers, and a neckbrace; and released him. O’Hara stated that he wore the neckbrace through the end of February and that his neck injury prevented his helping with household chores, his taking care of his four small children, and his playing sports or lifting weights. O’Hara went to his doctor once a week and to therapy twice a week from December until the end of February. He incurred $1,800 in medical bills. He also stated that his automobile was worth $7,000 before the accident and was totalled after the accident.
James Strickland testified that he was involved in the December 3, 1993, accident. He was in the M & M Builders truck headed to a job or to the shop. Strickland stated that “we” were going through the intersection when a car hit “us” in the side and that “they” pulled over and waited for the police to arrive. Strickland stated that it was 15 or 20 minutes before a police officer arrived and that the police officer asked him several questions. He told the officer that O’Hara ran the red light and hit the side of the truck. Strickland also stated that the police officer asked “the truck driver” for his driver’s license and that he saw Kimbrell give his driver’s license to the police officer. However, Strickland stated that he was driving the truck at the time of the accident, but did not disclose that information to the police officer. At the time of the accident, Strickland’s license had been revoked. He admitted that he knew Kimbrell told the police officer that Kimbrell was driving at the time of the accident.
Strickland stated that he never told Mr. McCrary, the owner of M & M Builders, that he was driving the truck at the time of the accident and that he and Kimbrell both told McCrary that Kimbrell was driving the truck. He also stated that he did not have permission to drive the truck.
Michael McClure, a City of Bessemer police officer, testified that he worked the accident and that he arrived at the scene within four minutes of receiving the call from dispatch. McClure first checked to make sure that no one was hurt, made a drawing of the accident scene, spoke to the witnesses, and then spoke to the drivers of both vehicles. He stated that James Kimbrell was the driver of the truck and that O’Hara was the driver of the automobile involved in the accident.
Nicole Cunningham testified that on December 3, 1993, she was stopped at the red light behind O’Hara; that when the light turned green, O’Hara hesitated for a minute before entering the intersection; and that O’Hara’s automobile was hit by a truck. After the accident, Cunningham checked with O’Hara to determine whether he was hurt and waited for a police officer to come. She stated that a police officer arrived at the scene approximately five to six minutes after the accident, and she told him what she had seen.
‘“The credibility of a witness, and the weight which such witness’s testimony is to be accorded, are to be determined by the jury, as are any inconsistencies or contradictions in his testimony.’ ” Teague v. Adams, 638 So.2d 836, 838 (Ala.1994) (quoting Mahan v. State, 508 So.2d 1180,1183 (Ala.Crim.App.1986)). Therefore, the credibility of Strickland’s testimony was a matter for the jury to consider. Based upon our review of the record, we conclude that there existed a factual question as to who was driving the truck and as to who had the red light at the time of the accident. Consequently, we conclude the trial court erred in granting a judgment as a matter of law in favor of Kimbrell and M & M Builders on O’Hara’s negligence and wantonness claims.
The judgment of the trial court is reversed and remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge *32 of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the judges concur.