MONROE, Judge.
The plaintiff, Beth Ann Staggs Kennemer, appeals from the entry of a summary judgment in favor of the defendants, Republic Parking Systems, Inc., and two of that corporations’s employees, Maple Smith and Charlie Johnson (hereinafter the defendants are collectively referred to as “Republic”). This case was deflected to this Court by the Alabama Supreme Court, pursuant to § 12-2-7(6), Ala.Code 1975. Kennemer contends that the evidence created a genuine issue of material fact and that the summary judgment, therefore, was not appropriate.
The record indicates the following facts: On March 14, 1996, Kennemer went to the pharmacy at Eliza Coffee Memorial Hospital to pick up a prescription for her grandmother. Kennemer parked on the top level of the parking deck located adjacent to the hospital. Republic manages this parking deck. After picking up the prescription, Kennemer attempted to return to her car by way of the sidewalk located on the top level of the parking deck; while on that sidewalk she fell and injured her left shoulder.
In her complaint, Kennemer alleged the following:
“The parked cars were protruding over the sidewalk making it difficult for her to go down the sidewalk to reach her car. About midway down the sidewalk, [Kennemer] hit a chunk of concrete with *241 her left foot which caused her to stumble over a Cougar automobile that was protruding over the sidewalk. The block on the sidewalk was hidden by the car, and the car protruding out [into Kennemer’s] path was the primary reason [Kennemer] fell to the ground severely injuring her left shoulder. As [Kennemer] lay on the ground, she saw the right front tire of the Cougar automobile touching the edge of the sidewalk. The parking deck had no tire stops and thereby allowed automobiles to protrude over the sidewalk concealing potential tripping hazards from pedestrian view, and such absence of tire stops caused a negligent and dangerous condition to exist.”
In her two-count complaint, Kennemer sought damages from Republic for its alleged negligent conduct and its alleged reckless and wanton misconduct.
Republic answered, denying the allegations of the complaint and contending that negligence on Kennemer’s part caused or contributed to the accident. Thereafter, Republic filed summary-judgment motions on three occasions. The first two motions were denied, but the third was granted. We note that the first two motions were denied by the same judge and the third motion was granted by a different judge.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in a situation where “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” It is well settled that the party moving for a summary judgment has the burden of establishing that no genuine issue of material fact exists, and it is settled that all reasonable uncertainties regarding the existence of a genuine issue of material fact must be resolved against the moving party. Porter v. Fisher; 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmoving party to present substantial evidence creating a genuine issue of material fact. Porter, 636 So.2d 682.
On a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party and it must resolve all reasonable doubts against the moving party. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992).
In its summary-judgment motion, Republic emphasized that Kennemer had testified in her deposition that “it was the car that made [her] trip” and emphasized its contention that she did not consider the chunk of concrete to be an aggravating factor in the incident. Republic also pointed out that Kennemer testified in her deposition that she “tripped on the car” and that she admitted that she had seen the car and was aware that it was encroaching on the sidewalk area where she was attempting to walk. Republic argues that it was not liable for the injuries sustained when Kennemer decided to force her way past the front of the car in her path because, it says, Kennemer was aware of the “open and obvious danger” presented when a car encroaches on the sidewalk.
In her response in opposition to the summary-judgment motion, Kennemer argued:
“[Republic] had a duty to provide pedestrians in their parking garage a safe environment where they could walk to their cars without danger. The breach of said duty was that failure to install parking blocks [which] allowed automobiles to block the sidewalk. It is reasonably foreseeable that a pedestrian would use the sidewalk to access their own vehicles and that they would not realize the danger caused by an impediment such as an overhanging car bumper. Further breach would be represented by the stray chunk of concrete itself. [Republic] should have been responsible for inspecting the premises for dangers and either correcting such by removal or warning invitees of the danger. The *242 lack of [parking] blocks, the cars partially blocking the sidewalk, and the stray chunk of concrete, in 'combination and individually, represents the cause in fact and proximate cause of the ultimate injury to Kennemer.”
In her deposition, Kennemer testified as follows:
“Q. Tell me. What happened when you got off the elevator.
“A. We were — there was a car pulling out so we walked on the sidewalk and when we were walking on the sidewalk, I was walking in front of Kim and we were halfway through the middle and I tripped on the car.
“Q. Okay. Can you back up and give me some detail about how you tripped?
“A. My — the Cougar was pulled over the sidewalk.
“Q. Is the Cougar the car that you tripped over?
“A. Yes, ma'am, and if you’re familiar with older Cougars, they have a very long front end and they were pulled over and I was walking through there and when I did my foot caught the car or my leg caught the car and my foot hit the concrete block and I tripped and I couldn’t catch my balance and I put my arm down to block my fall.
[[Image here]]
“Q. Was it actually — to clarify it for me — the [car] bumper that caused you to fall in your view or the [concrete] block?
“A. It was — actually it was the car that made me trip but the [concrete] block just totally made me lose my — I couldn’t catch my balance.
“Q. So, would it be fair to say that you believe that you could’ve recovered from the trip but for the [concrete] block?
“A. I can’t say that because I don’t know.”
Viewing the evidence in a light most favorable to Kennemer, the nonmovant, we find the following: Kennemer was walking down the sidewalk on the top level of a parking deck managed by Republic when her leg or foot caught the bumper of a car encroaching on the sidewalk and her foot hit a chunk of concrete hidden by the car and she fell, injuring herself. As Kennemer argued in her response to Republic’s summary-judgment motion, “The lack of [parking] blocks [allowed] cars [to] partially [block] the sidewalk, and [hide] the stray chunk of concrete [which], in combination and individually, represents the cause in fact and proximate cause of the ultimate injury to Kennemer.”
In light of the foregoing, we find that there existed a genuine issue of material fact regarding the negligence claim. The summary judgment is reversed as to that claim.
However, we conclude that the summary judgment was proper as to the wantonness claim. As to that claim the summary judgment is affirmed. In Martin v. Arnold, 643 So.2d 564, 567 (Ala.1994), our supreme court stated:
“To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty. To be actionable, that act or omission must proximately cause the injury of which the plaintiff complains.”
The evidence does not indicate that Republic acted or failed to act with a knowledge and consciousness that its act or failure to act would likely result in injury to Kennemer.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.