Shannon Fuller (the "daughter-in-law") and Bert Phillips (the "son") were divorced in February 1999. Bert Phillips's father, Jerry Phillips (the "father-in-law"), assisted Bert Phillips in the construction of the son and daughter-in-law's marital residence. The divorce judgment *Page 887 
ordered that the son and the daughter-in-law sell the marital residence and equally divide the equity or that the son pay the daughter-in-law $27,500 for her interest in the marital residence. The divorce judgment further ordered that the son "shall pay all debts existing in his name, including credit card debts and any balance he may owe to his father."
In April 1999, the daughter-in-law filed a declaratory-judgment complaint asking the trial court to declare that a mortgage held by the father-in-law on the marital residence was void because she had not signed it. The father-in-law counterclaimed, alleging that he had lent his son and daughter-in-law $36,900 to pay for the construction of the marital residence and that he had provided $10,000 in labor for its construction. He alleged that the mortgage was valid; he sought a monetary recovery on the theory of work and labor done and on the theory of quantum meruit and asked the court to impose an equitable lien upon the daughter-in-law's interest in the marital residence. The daughter-in-law amended her complaint to assert that the divorce judgment barred enforcement of the mortgage against her. After conducting a trial, the court held that the mortgage was void and that the father-in-law could not recover on a theory of work and labor done or on a quantum meruit theory. The father-in-law filed a postjudgment motion, which the trial court denied. The father-in-law appealed. This case was transferred to this court by the Supreme Court, pursuant to Ala. Code 1975, § 12-2-7(6).
The father-in-law makes four arguments: 1) that the trial court erred by holding that the mortgage was invalid; 2) that the court erred by denying his claim on the theory of work and labor done or the theory of quantum meruit; 3) that the court erred by admitting evidence from the divorce trial; and 4) that the court erred by not granting a new trial based on evidence appearing in a bankruptcy petition filed by the daughter-in-law.
We first consider whether the trial court erred by considering evidence from the divorce trial. At the end of the trial, the trial court stated:
 "I really would like to be able to listen — at least listen to the tapes of the testimony in [the divorce] case to make sure that I'm straight, if there's no objection from both sides."
The father-in-law's attorney responded, "Your Honor, I — I don't have any objection." The trial court then stated:
 "Okay. I just want to make sure, as opposed to having to rely on my — what I think happened [in the divorce case]. And I don't think that would be appropriate for me to do. If there's no objection, then I'll do that."
The father-in-law's attorney made no objection at that point. We conclude that the father-in-law waived any objection to the court's considering evidence from the divorce trial. In fact, the father-in-law's attorney consented to the court's reviewing the evidence from the divorce trial. See Costarides v. Miller, 374 So.2d 1335, 1337 (Ala. 1979) (holding that an appellate court will not consider on appeal the admission of evidence to which no objection was made).
We next address whether the trial court erred by concluding that the mortgage was invalid. It is undisputed that the daughter-in-law did not sign the mortgage. Ala. Code 1975, § 6-10-3, states:
 "No mortgage, deed or other conveyance of the homestead by a married person shall be valid without the voluntary signature and assent of the husband or wife, which must be shown by his or her examination before an officer authorized by law to take acknowledgments of deeds, and the certificate of such officer upon, or attached to, such mortgage, deed or other conveyance, which certificate must be substantially in *Page 888 
 the form of acknowledgment for individuals prescribed by Section 35-4-29."
The father-in-law argues that the daughter-in-law had abandoned her homestead interest because, he says, she was not residing at the property at the time the mortgage was executed. The trial court specifically found in its judgment that the daughter-in-law had fled the marital residence because of physical threats made by the son against her, and it concluded that the daughter-in-law's fleeing to protect her physical safety would not be considered an abandonment of the homestead. Our supreme court has held that a finding of abandonment of a homestead interest is a finding of fact that is presumed by the appellate court to be correct. Ex partePielach, 681 So.2d 154 (Ala. 1996). After reviewing the record, we conclude that the evidence supports the trial court's finding that the daughter-in-law fled the homestead to protect her physical safety. We accept the trial court's conclusion that, under these facts, the daughter-in-law had not abandoned her homestead interest. Therefore, we conclude that the absence of the daughter-in-law's signature renders the mortgage void, under the terms of § 6-10-3; we affirm the trial court's judgment insofar as it held the mortgage void.
We next consider whether the trial court erred by denying the father-in-law's claim based on the theories of work and labor done and quantum meruit. Both of these theories for equitable relief are methods of avoiding unjust enrichment, and both require the existence of a contract, either express or implied. See United States ex rel. EasternGulf, Inc. v. Metzger Towing, Inc., 910 F.2d 775 (11th Cir. 1990); andG.S. Gothard Son Contractors, Inc. v. Mansel, 611 So.2d 1101
(Ala.Civ.App. 1992).
 "There are two kinds of implied contracts — those implied in fact and those implied in law. Contracts implied in law are more properly described as quasi or constructive contracts where the law fictitiously supplies the promise [to pay for the labor or services of another] to prevent a manifest injustice or unjust enrichment."
Green v. Hospital Bldg. Auth. of the City of Bessemer, 294 Ala. 467,470, 318 So.2d 701, 704 (1975). "The rule is that if one knowingly accepts services rendered by another, and the benefit and result thereof, the law implies a promise on the part of the one who so accepts with knowledge, to pay the reasonable value of such services rendered."Richards v. Williams, 231 Ala. 450, 453, 165 So. 820, 823 (1936). In order to succeed on a claim of unjust enrichment, the plaintiff must show that he had a reasonable expectation of compensation for his services.Utah Foam Prods., Inc. v. Polytec, Inc., 584 So.2d 1345, 1350 (Ala. 1991).
The trial court specifically found that the daughter-in-law had had no knowledge that the father-in-law and the son had agreed that the father-in-law would be compensated for the work he performed on the marital residence. The daughter-in-law presented evidence indicating that the father-in-law and the son had traded labor with each other in the past and indicating that she had been led to believe that the father-in-law was trading labor with the son in the construction of the marital residence. The trial court had before it evidence that would support a finding that the father-in-law had had no reasonable expectation of compensation from his daughter-in-law. See Utah FoamProds., Inc., 584 So.2d at 1350. Therefore, we affirm the trial court's judgment insofar as it held the daughter-in-law had no liability on the theory of work and labor done or on the theory of quantum meruit. *Page 889 
Last, the father-in-law argues that the court erred by not granting his postjudgment motion to consider evidence from the daughter-in-law's bankruptcy petition. The father-in-law argues that the daughter-in-law's bankruptcy petition is "newly discovered evidence" and that the court erred by not granting his motion for a new trial based on the newly discovered evidence.
In Pacifico v. Jackson, 562 So.2d 174 (Ala. 1990), the Supreme Court restated the five-part test for granting a new trial on the ground of "newly discovered evidence":
 "`"(1) The evidence must be such as will probably change the result if a new trial is granted;
 "`"(2) The evidence must have been discovered since the trial;
 "`"(3) The evidence could not have been discovered before the trial by the exercise of due diligence;
"`"(4) It must be material to the issue; [and]
 "`"(5) It must not be merely cumulative, or impeaching."'"
562 So.2d at 177 (quoting Shepherd v. Southern Ry., 288 Ala. 50, 59-60,256 So.2d 883, 891 (1970) (quoting from Forest Inv. Corp. v. CommercialCredit Corp., 271 Ala. 8, 12, 122 So.2d 131 (1960)).
We conclude that the father-in-law has not satisfied all the requirements set out in Pacifico. The daughter-in-law did file her bankruptcy petition after the trial court had entered its judgment in her favor. The father-in-law argues that the bankruptcy petition contains admissions against the daughter-in-law's interest; specifically, the daughter-in-law listed the father-in-law on her list of creditors. The father-in-law argues that the daughter-in-law's listing him as a creditor must mean she accepts liability for the mortgage debt. We disagree.11 U.S.C. § 521 requires a debtor to list creditors. Section 521 does not address the liability of a debtor to a creditor. Therefore, we conclude that the daughter-in-law did not admit liability simply by complying with the requirement of section 521. Because the listing of the father-in-law as a creditor is not an admission of liability the filing of the bankruptcy petition will not "probably change the result" of the judgment. Therefore, the trial court properly denied the father-in-law's postjudgment motion because the bankruptcy petition does not satisfy the test for "newly discovered evidence" and will not support an order granting a new trial.
The appellees' requests for an attorney fee on appeal are denied.
AFFIRMED.
Yates, P.J., and Thompson, Pittman, and Murdock, JJ., concur.